JAMES G. PHILLIPS *v.* D. W. PHILLIPS' ADMR.

[Abstract Kentucky Law Reporter, Vol. 2—232.]

**Award and Arbitration.**

Where a will is made and probated, giving an estate to two people, and an administrator with the will annexed is appointed and enters suit for possession of the assets from a former agent of the testator, and the agent also brought a suit in equity for a settlement of his accounts as agent, it was held to be entirely proper, after such causes had been consolidated, for such parties to enter into an agreement to arbitrate the matters in controversy, and when an award is made based on such an agreement it may be pleaded in said cause as a defense.

**Sufficiency of an Award.**

Where an award is made by those selected as arbitrators in a pending cause, which states that they found stocks, notes, etc., in the agent's hands of the value of about $140,500, including about $16,000 in bad debts, and show item by item how they arrived at the aggregate sum, such an award is not subject to the objection that it is indefinite; and where no bad faith or fraud is shown such award will be final and binding on both parties.

APPEAL FROM MARION COURT OF COMMON PLEAS.

February 26, 1881.

OPINION BY JUDGE PRYOR:

There are many questions raised by counsel on each side of this controversy that we do not propose to consider, as in adopting either view this court would not be controlled by it when passing on the real question raised by this record. The devisor, D. W. Phillips, died, leaving two instruments of writing, each purporting to be his last will and testament. The first was executed in the year 1869,

and the other in the year 1877. He died in July, 1878, and after his death the appellant, who was left his executor by the paper of 1869, and who had been his agent in the control of a large estate for many years, offered the first paper for probate. The paper of 1877 was also offered for probate and resisted by the appellant, and on the hearing was admitted to record as the last will of the decedent. By this last paper, which was finally established as the will of Phillips, H. B. Ray and Benjamin Dooin, two nephews of the devisor, were his sole devisees, the will, however, making one H. B. Phillips the trustee for Benjamin and his family, and as such he was to control, or had the right to control, that part of the estate devised to Benjamin Dooin for the latter's use and that of his family.

After this controversy had originated in regard to this will, the appellant, James G. Phillips, filed a petition in equity for a settlement of his accounts as the agent of the devisor, running through a number of years, and also seeking to retain the property in his hands, claiming that he was made the executor of the first paper, and that it was the last will of the decedent. This petition was filed in September, 1878. On the 2d of October, 1878, N. S. Ray, who had been appointed administrator with the will annexed of Phillips, brought his action against the appellant to recover all the estate of the decedent that the appellant claimed to hold and control as agent, amounting in value, as is alleged, to the sum of $125,000.

The two actions were consolidated, and during the progress of the case a pleading was filed by the appellant, setting up an agreement to arbitrate the matters in controversy, and alleging that an award was made in accordance with the agreement setting up the rights of all the parties, and the award is made part of that pleading. The parties to that award are H. B. Ray and H. B. Phillips, trustee for Benjamin Dooin. Dooin and H. B. Ray being the sole devisees, and H. B. Phillips being the trustee of Dooin, we see nothing to prevent H. B. Ray, in his own right, and H. B. Phillips, as trustee, from referring the whole matter in dispute to arbitration. This agreement to refer was made on the 28th of August, 1878, and recites that it was for the purpose of settling the accounts of J. G. Phillips as the agent of the decedent, and fixing his compensation. Samuel Spalding, N. S. Ray and Fletcher Wilson were agreed upon as arbitrators to settle his accounts and all other matters growing out of the agency, and the award, made in writing, would be final and binding between the parties. The only reservation made in this

agreement was that it was not to affect the validity of either will, each party then claiming that the paper represented by him was the last will.

These arbitrators in September, 1878, reported, in a writing signed by each of them, making the amount in the agent's hands $140,528.05. A copy of the award was delivered to each of the parties. A demurrer was sustained to the pleading setting up this award, and this is the principal question raised in the case. It was urged in argument here that the award was too indefinite and uncertain, and for that reason constituted no defense. They state in a general way that they found stocks, notes, etc., in the agent's hands of the value of about $140,500, including about $16,000 in bad debts, etc. The arbitrators, however, proceed to state item by item, and show how they arrive at the aggregate sum, and no award could well be more definite. They give the precise amount of railroad stock, of bonds, of stock in banks, of promissory notes, of coupons of each in bank, and of insolvent claims. The award on its face evidences investigation by the arbitrators, and without any bad faith attributed to them, or any fraud or wrong practiced by the appellant, we must adjudge that such an award is final and binding on both parties. N. B. Ray, one of the arbitrators, is the administrator with the will annexed and the party instituting this action.

It is said in argument that the record shows the fact that he signed this award after he qualified as administrator, but it is urged that as he did not agree to the reference as administrator, and had not then been appointed, it is not binding on him. This, perhaps, might avail the administrator if he had declined to go further after his appointment than to decline by reason of his fiduciary relation to act as an arbitrator, but failing to take this step, and having signed the paper after his appointment, he should be estopped to deny the validity of the award unless upon some equitable ground. Besides, the sole devisees were parties to the award, and there is no pretense that this fund is necessary to pay creditors. The parties in interest have entered into the agreement and this money, or the property in the hands of the appellant, having been turned over to the administrator, we think this answer presented a complete defense to the action by the administrator. It is conceded that the appellant is not in default in complying with the award, and, the record showing that he has surrendered the property in his hands, the court below should have overruled the demurrer. These con-

solidated causes should be treated as actions for the settlement of the accounts of appellant, and the reply of appellee and rejoinder of appellant as amendments to their original pleadings. The award is the evidence of the settlement, and no reference is necessary or should be made so long as the award itself is not assailed on some equitable ground.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Russell & Arritt, William Lindsay, for appellant.*

*E. E. McKay, W. B. Harrison, for appellee.*